**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GOLDEN TECHNOLOGIES INC.<br>401 Bridge St.<br>Old Forge, PA 18518<br><br>              Plaintiff,<br><br>    v.<br><br>PRIDE MOBILITY PRODUCTS<br>CORPORATION<br>401 York Avenue<br>Duryea, PA 18642<br><br>              Defendant. | Civil Action No.:<br>3:24-cv-00567-JKM<br><br>**JURY TRIAL DEMANDED**<br><br>ELECTRONICALLY FILED |

**DEFENDANT PRIDE MOBILITY PRODUCTS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

Defendant Pride Mobility Products Corporation ("Pride" or "Defendant") hereby responds to the allegations in the Complaint (Dkt. 1) filed by Plaintiff Golden Technologies, Inc. ("Golden" or "Plaintiff") and states its defenses to the claims asserted against it and its counterclaims against Plaintiff. To the extent unnumbered headings contained in the Complaint purport to contain allegations supporting Plaintiff's claims, they are denied. Unless expressly admitted herein, all allegations are denied.

**PARTIES**

1.    Plaintiff Golden Technologies Inc. ("Golden" or "Plaintiff") is a corporation organized and existing under the laws of Pennsylvania, having a principal place of business at 401 Bridge Street, Old Forge, Pennsylvania 18518.

**RESPONSE:**  Admitted upon information and belief.

2.      Upon information and belief, Defendant Pride Mobility Products Corporation ("Pride" or "Defendant") is a corporation organized and existing under the laws of Pennsylvania, with a business address of 401 York Avenue, Duryea, Pennsylvania 18642.

**RESPONSE:** Admitted.

3.      Pride manufactures for sale and/or sells powered lift chairs to consumers in the United States, including the Middle District of Pennsylvania.

**RESPONSE:** Admitted.

## JURISDICTION AND VENUE

4.      This action in which Golden seeks pecuniary and injunctive relief from the acts of Pride arises under the Patent Laws of the United States of America, 35 U.S.C. § 101, *et seq.*

**RESPONSE:** Admitted.

5.      Subject matter jurisdiction is conferred on this Court through 28 U.S.C. §§ 1331 and 1338.

**RESPONSE:** Admitted.

6.      This Court has personal jurisdiction over Pride. Pride has regularly conducted and continues to conduct business in the Commonwealth of Pennsylvania. Pride is registered to conduct business in Pennsylvania and, directly and/or through intermediaries, manufactures, ships to and distributes, offers for sale, and sells products, including those products that are the subject of this action, in the Commonwealth of Pennsylvania and within this Judicial District.

**RESPONSE:** Admitted in part; denied in part.  Pride does not contest that this Court has personal jurisdiction over Pride.  Admitted that Pride has regularly conducted and continues to conduct business in the Commonwealth of Pennsylvania. Admitted that Pride is registered to conduct business in Pennsylvania and, directly and/or through intermediaries, ships to and

distributes, offers for sale, and sells products, including those products that are the subject of this action, in the Commonwealth of Pennsylvania and within this Judicial District.  Otherwise, denied.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.  On information and belief, Defendant resides in this District, has committed acts of infringement of the Patent-in-Suit in this District by offering for sale the Pride VivaLift! Ultra lift chair (the "Accused Product"), and/or has a regular and established place of business in this District at 401 York Avenue, Duryea, PA 18642.

**RESPONSE:** Admitted in part; denied in part. Admitted only that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, that Defendant resides in this District, and that it has a regular and established place of business in this District at 401 York Avenue, Duryea, PA 18642. The remainder of paragraph 7 is denied.

## BACKGROUND

8.     Golden is the owner of the full right, title and interest in and to the '853 Patent, which is entitled RECLINER OR LIFT AND RECLINER CHAIR WITH VARIABLE LIFT PROFILE, and which was originally issued by the United States Patent and Trademark Office ("USPTO") on August 16, 2022. A true and correct copy of the '853 Patent is attached as **Exhibit A.**

**RESPONSE:** Admitted in part; denied in part. Admitted only that a purported copy of U.S. Patent No. of 11,412,853 (the "'853 patent") is attached to Plaintiff's Complaint as **Exhibit A** and that, on its face, bears an issuance date of August 16, 2022, and is entitled RECLINER OR LIFT AND RECLINER CHAIR WITH VARIABLE LIFT PROFILE. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8, and they are, therefore, denied.

9.      Supplemental Reexamination of the '853 Patent was requested on March 24, 2023 and a Reexamination Certificate was issued by the USPTO on December 14, 2023. A copy of the Reexamination Certificate is attached as **Exhibit B.**

**RESPONSE:** Admitted in part; denied in part. Admitted only that a purported copy of an ex parte reexamination certificate stating its relation to the '853 patent is attached to Plaintiff's Complaint as **Exhibit B** and that, on its face, bears a certificate issuance date of December 14, 2023. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9, and they are, therefore, denied.

10.     Golden is the owner of the entire right, title and interest in the Patent-in-Suit by assignment, and Golden possesses the right to sue for and obtain equitable relief and damages for infringement of the Patent-in-Suit. Attached as **Exhibit C** is a copy of the Assignment of the '853 Patent to Golden, as recorded with the USPTO on March 12, 2021.

**RESPONSE:** Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and they are, therefore, denied.

11.     The claims of the '853 Patent carry the presumption of validity under 35 U.S.C. 1 282(a) and are enforceable.

**RESPONSE:** Denied.  Paragraph 11 contains conclusions of law to which no response is required.  To the extent a further response is required, the allegations of paragraph 11 are denied.

12.     The '853 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**RESPONSE:** Denied.

### **[PLAINTIFF'S] COUNT I - PATENT INFRINGEMENT**

13.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 12 as if set forth at length herein.

**RESPONSE:** Defendant incorporates by reference its responses to the allegations in paragraphs 1-12 of the Complaint as if restated fully herein.

14.    This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

**RESPONSE:** Admitted only that Plaintiff purports that there is a cause of action that arises under the patent laws of the United States, and in particular, under 35 U.S.C. §§ 271, *et seq.* Otherwise, denied.

15.    Upon information and belief, Pride is willfully and directly infringing, contributing to, and/or inducing the infringement of the '853 Patent by making, selling, offering for sale and/or using, and/or is contributing to others making, selling, offering for sale and/or using, and/or is inducing others into making, selling, offering for sale and/or using the Accused Product embodying the invention defined by one or more claims of the Patent-in-Suit, without authority or license from Plaintiff, and will continue to do so unless enjoined by this Court.

**RESPONSE:** Denied.

16.    True and correct copies of the photographs of the Pride Viva Ultra Lift Chair brochure and the Pride Viva Ultra Lift Chair Mechanism drawings from the Pride product manual are attached hereto as **Exhibits D** and **E**, respectively.

**RESPONSE:** Denied.

17.    Upon information and belief, the Accused Product infringes as least claims 12, 13, 14, 16, 18, 19, and 20 of the '853 Patent, literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

18.    By way of illustration, claim 12 of the '853 Patent recites:

12. A recliner chair, comprising:
a recline chair mechanism providing a reclining movement,

the recline chair mechanism having a recline base;
a seat and a back connected to the recline chair mechanism,
with the back being effectively connected relative to the
seat;
a cradle assembly, including:
a cradle base;
one pair of aligned pivot axes on the cradle base;
the recline base being pivotably connected to the cradle
base at the one pair of aligned pivot axes;
a cradle actuator connected between the cradle base and the
recline base for pivoting the recline base about the one pair
of aligned pivot axes; and
a controller that controls movement of the cradle actuator.

**RESPONSE:** Admitted in part; denied in part. Admitted only that claim 12 as quoted in

paragraph 18 of the Complaint matches that of claim 12 in the copy of the '853 patent attached as

**Exhibit A** to the Complaint. The remainder of paragraph 18 is denied.

19.    As shown in the comparison below of the claim language of the '853 Patent and

images of the Accused Product, the Accused Product is "a recliner chair" as in claim 12 of the

'853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "A recliner chair, comprising:" |  |

**RESPONSE:** Denied.

20.    As shown in the comparison below of the claim language of the '853 Patent and

images of the Accused Product, the Accused Product includes "a recline chair mechanism

6

providing a reclining movement, the recline chair mechanism having a recline base" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| a recline chair mechanism providing a reclining movement, the recline chair mechanism having a recline base; |  |

**RESPONSE:** Denied.

21.   As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a seat and a back connected to the recline chair mechanism, with the back being effectively connected relative to the seat" as in claim 12 of the '853 Patent:



| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a seat and a back connected to the recline chair mechanism, with the back being effectively connected relative to the seat;" | back connected to seat / seat / back and seat connected to the recline chair mechanism |

**RESPONSE:** Denied.

22.     As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a cradle assembly, including: a cradle base; one pair of aligned pivot axes on the cradle base" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a cradle assembly, including: a cradle base; one pair of aligned pivot axes on the cradle base;" | pivot axis / cradle assembly / cradle base / pivot axis |

**RESPONSE:** Denied.

23.     As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "the recline base being pivotably connected to the cradle base at the one pair of aligned pivot axes" as in claim 12 of the '853 Patent:



| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "the recline base being pivotably connected to the cradle base at the one pair of aligned pivot axes;" | pivot axis<br><br>hinge creates pivotable connection between recline base and cradle base |

**RESPONSE:** Denied.

24.     As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a cradle actuator connected between the cradle base and the recline base for pivoting the recline base about the one pair of aligned pivot axes" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a cradle actuator connected between the cradle base and the recline base for pivoting the recline base about the one pair of aligned pivot axes;" | Cradle actuator between cradle base and recline base for pivoting the recline base about the one pair of aligned |

**RESPONSE:** Denied.

25.     As shown in the comparison below of the claim language of the '853 Patent and images of the Accused Product, the Accused Product includes "a controller that controls movement of the cradle actuator" as in claim 12 of the '853 Patent:

| Language of Claim 12 of the '853 Patent | Accused Product |
|---|---|
| "a controller that controls movement of the cradle actuator" |  |

**RESPONSE:** Denied.

26.     Claim 13 of the '853 Patent recites: "13. The recliner chair of claim 12, wherein the recline base is connected to the cradle base via pins extending along the pivot axes." The discussion of independent claim 12 is incorporated by reference. The Accused Product further includes pins connecting the recline base to the cradle base extending along the pivot axes.

**RESPONSE:** Admitted in part; denied in part. Admitted only that claim 13 as quoted in paragraph 26 of the Complaint matches that of claim 13 in the purported copy of the '853 patent attached as **Exhibit A** to the Complaint. The responses herein to the Complaint's "discussion of independent claim 12" are incorporated by reference. The remainder of paragraph 26 is denied.

27.     Claim 14 of the '853 Patent recites: "14. The recliner chair of claim 12, further comprising a recline actuator, and the controller is further configured to actuate the recline actuator

adjust a position of the seat." The discussion of independent claim 12 is incorporated by reference. The Accused Product further includes a recline actuator, and the controller is further configured to actuate the recline actuator to adjust a position of the seat.

**RESPONSE:** Admitted in part; denied in part. Admitted only that claim 14 as quoted in paragraph 27 of the Complaint matches that of claim 14 in the purported copy of the '853 patent attached as **Exhibit A** to the Complaint. The responses herein to the Complaint's "discussion of independent claim 12" are incorporated by reference. The remainder of paragraph 27 is denied.

28.    Claim 16 of the '853 Patent recites: "16. The recliner chair of claim 14, wherein the controller comprises a processor and a controller memory, a control device is connected to the controller, and the controller memory is configured to store pre-set actuator positions for the recline actuator and the cradle actuator that are activatable via the control device." The discussions of independent claim 12 and dependent claim 14 are incorporated by reference. The Accused Product includes a controller that comprises a processor and a controller memory, a control device connected to the controller, and the controller memory is configured to store pre-set actuator positions for the recline actuator and the cradle actuator that are activatable via the control device.

**RESPONSE:** Admitted in part; denied in part. Admitted only that claim 16 as quoted in paragraph 28 of the Complaint matches that of claim 16 in the purported copy of the '853 patent attached as **Exhibit A** to the Complaint. The responses herein to the Complaint's "discussions of independent claim 12 and dependent claim 14" are incorporated by reference. The remainder of paragraph 28 is denied.

29.    Claim 18 of the '853 Patent recites: "18. The recliner chair of claim 14, wherein the recline actuator and the cradle actuator are electric motor driven actuators." The discussions of

independent claim 12 and dependent claim 14 are incorporated by reference. The Accused Product includes electric motor driven actuators for the recline actuator and the cradle actuator.

**RESPONSE:** Admitted in part; denied in part. Admitted only that claim 18 as quoted in paragraph 29 of the Complaint matches that of claim 18 in the purported copy of the '853 patent attached as **Exhibit A** to the Complaint. The responses herein to the Complaint's "discussions of independent claim 12 and dependent claim 14" are incorporated by reference. The remainder of paragraph 29 is denied.

30.    Claim 19 of the '853 Patent recites: "19. The recliner chair of claim 12, further comprising an extendable footrest connected to the recline chair mechanism." The discussion of independent claim 12 is incorporated by reference. The Accused Product includes an extendable footrest connected to the recline chair mechanism.

**RESPONSE:** Admitted in part; denied in part. Admitted only that claim 19 as quoted in paragraph 30 of the Complaint matches that of claim 19 in the purported copy of the '853 patent attached as Exhibit A to the Complaint. The responses herein to the Complaint's "discussion of independent claim 12" are incorporated by reference. The remainder of paragraph 30 is denied.

31.    Claim 20 of the '853 Patent recites: "20. The lift and recliner chair of claim 19, wherein recline chair mechanism includes two pantograph linkages connected between the seat and the footrest." The discussions of independent claim 12 and dependent claim 19 are incorporated by reference. The Accused Product includes a recline chair mechanism with two pantograph linkages connected between the seat and the footrest.

**RESPONSE:** Admitted in part; denied in part. Admitted only that claim 20 as quoted in paragraph 31 of the Complaint matches that of claim 20 in the purported copy of the '853 patent attached as **Exhibit A** to the Complaint. The responses herein to the Complaint's "discussions of

independent claim 12 and dependent claim 19" are incorporated by reference. The remainder of paragraph 31 is denied.

32.     Pride has been on notice of its infringement of the '853 Patent, and has continued to infringe the '853 Patent after such notice. On November 22, 2022, Golden, by and through its counsel, notified Pride's counsel of the infringement of the '853 Patent through the production and sale of the Accused Product, as shown by attached **Exhibit F.** On December 20, 2022, Defendant's counsel responded without providing any basis for the position of non-infringement, as shown in correspondence attached as **Exhibit G.**

**RESPONSE:** Admitted in part; denied in part. Admitted only that **Exhibit F** to the Complaint is a copy of a letter sent from Golden's counsel to Pride that is dated November 22, 2022, and that **Exhibit G** to the Complaint is a copy of a responsive letter from Pride's counsel to Golden's counsel that is dated December 20, 2022. The contents of those letters speak for themselves, and Plaintiff's characterizations thereof are therefore denied.  The remainder of paragraph 32 is denied.

33.     On January 13, 2023, Plaintiff's sent another notice of infringement letter with a detailed claim chart outlining the basis for infringement by the Accused Product, as shown in attached **Exhibit H.** On January 31, 2023, Defendant's counsel responded without providing any detailed basis for Defendant's position, as shown in correspondence attached as **Exhibit I.**

**RESPONSE:** Admitted in part; denied in part. Admitted only that **Exhibit H** to the Complaint is a copy of letter sent from Golden's counsel to Pride's counsel that is dated January 13, 2023 and that **Exhibit I** to the Complaint is a copy of a responsive letter from Pride's counsel to Golden's counsel that is dated January 31, 2023. The contents of those letters speak for

themselves, and Plaintiff's characterizations thereof are therefore denied.  The remainder of paragraph 33 is denied.

34.     On or around February 9, 2023 Plaintiff sent a third letter, attached as **Exhibit J,** to which no reply was received.

**RESPONSE:** Admitted in part; denied in part. Admitted that **Exhibit J** to the Complaint is a copy of a letter sent from Golden's counsel to Pride's counsel on February 9, 2023. Defendant further admits that it did not reply to the letter attached at Exhibit J to Complaint.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34, and they are, therefore, denied.

35.     Plaintiff, by and through its counsel, thereafter requested supplemental reexamination of the '853 Patent. Following the issuance of the Reexamination Certificate on December 14, 2023, Plaintiff herein sent its fourth notice of infringement, attached as **Exhibit K,** to Defendant's counsel on January 9, 2024. In response, Defendant's counsel replied with a minimal response, as shown in correspondence attached as **Exhibit L.**

**RESPONSE:** Admitted in part; denied in part. Admitted only that the purported Reexamination Certificate attached to the Complaint as **Exhibit B** bears an issuance date of December 14, 2023, **Exhibit K** to the Complaint is a copy of a letter sent from Golden's counsel to Pride's counsel that is dated January 9, 2024, and that **Exhibit L** to the Complaint is a copy of a responsive letter from Pride's counsel to Golden's counsel. The contents of those documents speak for themselves, and Plaintiff's characterizations thereof are therefore denied.  The remainder of paragraph 35 is denied.

36.     On information and belief, Pride has taken no action to stop selling and offering for sale the Accused Product and will continue to take no action unless restrained and enjoined by this Court.

**RESPONSE:** Admitted in part; denied in part.  Admitted that Defendant sells and offers for sale its Pride VivaLift! Ultra.  The remainder of paragraph 36 is denied.

37.     On information and belief, Pride's continued infringement is deliberate and willful, and is with full knowledge of the '853 Patent and the applicability of the '853 Patent to the Accused Product.

**RESPONSE:** Denied.

38.     On information and belief, as a result of Pride's acts, Golden has suffered and will continue to suffer irrevocable damages in its trade and business.

**RESPONSE:** Denied.

39.     On information and belief, Defendant has profited by virtue of its infringement of the '853 Patent.

**RESPONSE:** Denied.

40.     On information and belief, as a result of Pride's willful, wanton and deliberate acts, Golden has suffered monetary damages by reason of Pride's infringement of the '853 patent, the amount of which is presently unknown.

**RESPONSE:** Denied.

41.     Golden has sustained irreparable harm to its business, and unless Pride is enjoined and restrained by this court, Pride will continue in the activities alleged herein and as a result thereof, Golden will continue to sustain irreparable harm to its business.

**RESPONSE:** Denied.

42.     Golden has no adequate remedy at law.

**RESPONSE:** Denied.

The remainder of Plaintiff's Complaint recites a prayer for relief to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any remedy or relief.

**AFFIRMATIVE DEFENSES**

Without conceding or admitting that any of the following affirmative defenses must be pled as an affirmative defense, or that any of the following defenses are not already at issue by virtue of the foregoing denials, without assuming the burden of proof on any matter for which the burden rests upon Plaintiff, and without prejudice to Defendant's right to plead additional affirmative defenses as discovery into the facts of the instant action warrant, Defendants assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim Upon Which Relief Can Be Granted)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

Defendant does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any product or method that infringes any valid claim of the '853 patent, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '853 patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the '853 are invalid for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff's ability to recover damages under 35 U.S.C. §§ 286-287 is limited.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Costs)

Plaintiff is precluded from recovering costs under 35 U.S.C. § 288.

### SIXTH AFFIRMATIVE DEFENSE
### (No Entitlement to Attorneys' Fees)

Plaintiff cannot prove this is an exceptional case and are therefore precluded from seeking recovery of or obtaining recovery of their attorneys' fees under the provisions of 35 U.S.C. § 285.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Equitable Relief)

Plaintiff is not entitled to any injunctive relief because, among other reasons, any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial for all issues so triable.

## DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF

Defendant/Counterclaim Plaintiff Pride Mobility Products Corporation ("Pride" or "Defendant") counterclaim against Plaintiff/Counterclaim Defendant Golden Technologies Inc. ("Golden" or "Plaintiff") as follows:

1.      This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability as related to U.S. Patent No. U.S. Patent No. of 11, 412,853 (the "'853 patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Laws, 35 U.S.C. § 100, *et seq*.

## THE PARTIES

2.      Defendant/Counterclaim Plaintiff Pride Mobility Products Corporation is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 401 York Avenue, Duryea, Pennsylvania 18642.

3.      Plaintiff/Counterclaim Defendant Golden Technologies Inc. is a corporation organized and existing under the laws of Pennsylvania, having a principal place of business at 401 Bridge Street, Old Forge, Pennsylvania 18518.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2002, and the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

5.      Venue and personal jurisdiction are proper in this District because Plaintiff submitted to venue and to personal jurisdiction in this District by filing its Complaint in the instant action and voluntarily appearing in this District.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 11,412,853

6.      Defendant incorporates by reference each and every allegation contained in paragraphs 1 through 5 of its Counterclaims as though fully set forth herein.

7.      Plaintiff has initiated a civil action in this District by filing a Complaint against Defendant alleging that Defendant has infringed at least one claim of the '853 patent.

8.      An actual, justiciable controversy regarding the '853 patent exists because Plaintiff asserts that Defendant infringes at least one claim of the '853 patent, which Plaintiff contends is valid and enforceable.

9.      Defendant has not infringed and does not infringe any valid claim of the '853 patent.  For example, no accused Pride Viva Ultra Lift Chair satisfies the limitations referring to a recline base or lift-recline base pivotally connected to a cradle base at one pair of aligned pivot axes.

10.     Defendant thus seeks a declaratory judgment, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, declaring the rights and interests of Defendant and Plaintiff in connection with non-infringement of the '853 patent.

11.     Defendant requests that this Court declare that Defendant has not infringed any valid claim of the '853 patent, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '853 patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 11,412,853

12.     Defendant incorporates by reference each and every allegation contained in paragraphs 1 through 11 of its Counterclaims as though fully set forth herein.

13.     Plaintiff has initiated a civil action in this District by filing a complaint against Defendant alleging that Defendant has infringed at least one claim of the '853 patent.

14.    An actual, justiciable controversy regarding the '853 patent exists because Plaintiff asserts that Defendant infringes at least one claim of the '853 patent, which Plaintiff contends is valid and enforceable.

15.    Each claim of the '853 patent is invalid for failure to comply with the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.   As a non-limiting example, the claims are anticipated or rendered obvious in view of U.S. Pat. No. 8,414,074 of Kramer et al. and/or U.S. Pat. No. 9,326,606 of LaPointe.

15.    Defendant seeks a declaratory judgment, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, declaring the rights and interests of Defendant and Plaintiff in connection with the invalidity and unenforceability of the '853 patent.

16.    Defendant requests that this Court declare that all claims of the '853 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**PRAYER FOR RELIEF AS TO COUNTERCLAIMS**

WHEREFORE, Defendant prays for judgment and requests that this Court:

(a)     Dismiss, with prejudice, Plaintiff's claims against Defendant;

(b)     Deny all relief that Plaintiff seeks in their Complaint;

(c)     Enter judgment in favor of Defendant and against Plaintiff on each and every one of Defendant's counterclaims;

(d)     Enter judgment declaring that Defendant has not infringed any claim of the '853 patent;

(e)     Enter judgment declaring that all claims of the '853 patent are invalid;

(f)     Find this case to be exceptional under 35 U.S.C. § 285 and award Defendant its costs, expenses, interest, and attorneys' fees; and

(g)     Grant such other and further relief as the Court may deem just and proper and to which Defendant is entitled.

**JURY DEMAND**

Counterclaim Plaintiff/Defendant hereby demands a jury trial as to all issues so triable.

Date: April 25, 2024                    Respectfully submitted:

                                        */s/ John V. Gorman*
                                        John V. Gorman (PA 80631)
                                        Phillip D. Wolfe (PA 328916)
                                        Morgan, Lewis & Bockius, LLP
                                        2222 Market Street
                                        Philadelphia, Pennsylvania 19103
                                        Telephone: 215.963.5000
                                        Facsimile: 215.963.5001
                                        john.gorman@morganlewis.com
                                        phillip.wolfe@morganlewis.com

                                        Joseph D. Burke (PA 41380)
                                        Burke Vullo Reilly Roberts
                                        1460 Wyoming Avenue
                                        Forty Fort, Pennsylvania 18704

Telephone: 570.288.6441
Facsimile: 570.288.6441
jburke@bvrrlaw.com

*Attorneys for Defendant,*
*Pride Mobility Products Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing Defendant Pride Mobility Products Corporation's Answer to Plaintiff's Complaint And Counterclaims was filed on this 25th day of April 2024 via the Court's CM/ECF filing system, which will send electronic notice of such filing to all counsel of record.

*/s/ John V. Gorman*
John V. Gorman